The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Robert Anthony ARCHULETA, Defendant-Appellant.

No. 78–1179.

Colorado Court of Appeals, Division II.

Dec. 20, 1979.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Maureen E. Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Holm & Dill, P. C., Kenneth L. Keene, Jr., Denver, for defendant-appellant.

---

ENOCH, Chief Judge.

Alleging he was denied due process, defendant appeals his judgment of conviction of second degree assault and first degree sexual assault. We agree and reverse the judgment.

■ All the physical evidence collected by law enforcement officers in the investigation of the crime was destroyed or released prior to defendant's arrest and therefore was unavailable to him at trial. Also, contrary to a pre-trial suppression order, the prosecutor elicited testimony during the trial about the missing items.

Defendant contends first that the trial court should have dismissed the complaint because the missing evidence was not available to him. So drastic a remedy is not required in this case. *Brady v. Maryland,*

373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *People v. Norwood,* 37 Colo.App. 157, 547 P.2d 273 (1975). *See also People v. Harmes,* 38 Colo.App. 378, 560 P.2d 470 (1976).

It may be true, as defendant contends, that guns, a retrieved bullet, bullet casings, and latent fingerprints taken from the guns and holster, and other items at the scene of the assault "might" have been "favorable" in developing his defense of mistaken identity. *Garcia v. District Court,* Colo., 589 P.2d 924, 929 (1979). It is also possible that if the retrieved bullet, the casings and the torn screen had been examined by an expert, he might have impeached the testimony of the investigating officers. Similarly, the pap smear and the saliva, blood, and vaginal samples, as well as pubic hair combings and fingernail scrapings of the sexual assault victim might have been useful to impeach testimony of investigating officers. However, defendant sought and was granted an order suppressing testimony by investigating officers concerning the missing evidence, and under the circumstances of this case he was entitled to no more. *See Garcia, supra; People v. Brown,* 194 Colo. 553, 574 P.2d 92 (1978); *People v. Roblas,* 193 Colo. 496, 568 P.2d 57 (1977). Therefore, there was no error in not dismissing the complaint.

■ Defendant, alternatively, contends that reversible error occurred by virtue of the fact that, contrary to the suppression order, the trial court allowed the prosecutor to elicit testimony about the missing items. We agree.

When the prosecution violated the order, defendant was placed in an untenable position. Because no tests or scientific analysis were ever undertaken by anyone on the missing items, defendant was deprived of any opportunity to call witnesses with knowledge of the items or effectively to cross-examine witnesses about the missing evidence. *See People v. Brown, supra.* Defendant found himself in the same position as if no order had been entered; and as previously indicated, under the holdings of

*Garcia, supra, Roblas, supra,* and *Brown, supra,* defendant would have been entitled to a reversal had there been no suppression order.

Therefore, defendant is entitled to a new trial with strict adherence to the suppression order.

The judgment is reversed and the cause is remanded for a new trial.

BERMAN and KELLY, JJ., concur.