The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

John M. OWENS, Defendant-Appellant.

No. 81SA531.

Supreme Court of Colorado,
En Banc.

Oct. 11, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Jeffrey Weinman, John M. Hutchins, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Peter H. Ney, Peter H. Ney, P.C., Littleton, for defendant-appellant.

DUBOFSKY, Justice.

The defendant, John M. Owens, appeals his conviction of unlawful use of an incendiary device under section 18–12–109(4), C.R. S.1973 (1978 Repl.Vol. 8),[1] after a jury trial in Denver District Court. We affirm the judgment.

On June 2, 1980, Linda Yakich took her Volkswagen to a garage for a routine safety inspection. A mechanic opened the rear engine compartment to replace a light bulb and found several unusual items. The mechanic called the Denver police, and an officer of the Denver Bomb Squad arrived to inspect the car.

At trial the Bomb Squad officer testified that he found a fire bomb next to the Volkswagen's engine. The bomb's igniter consisted of a piece of window screen folded around a piece of coarse sandpaper. Wooden match heads and wadded newspaper were stuffed inside the sandpaper. Wooden matches had been stuck through the window screening with their heads against the sandpaper. A string, attached at one end to the sandpaper, apparently had been attached at the other end to the fan belt but had broken. On the left side of the igniter a string was attached from the sandpaper to a plastic container with gasoline in it. Further up the left side, on top of the exhaust manifold, was another plastic container with gasoline. Directly above this container the detective found wadded paper. On the right side of the engine was a brown paper grocery sack covered with an oily substance. A bath towel, which smelled like gasoline and looked like it had been soaked in oil, had been stuffed inside the grocery bag. Behind that bag was another bag containing newspaper.

The officer testified that the device was designed to ignite when the automobile was started. The string attached to the fan belt would pull the sandpaper through the window screening, igniting the matches, and pouring the gasoline in the first container over the lit matches. The resulting fire would ignite the other flammable materials placed around the engine. The officer surmised that the device did not function because the window screening had been wrapped too tightly around the sandpaper. The string broke before it pulled the sandpaper through the screening.

The police found fingerprints of the defendant, a former boyfriend of Linda Yakich, on the sandpaper and one of the plastic containers. The defendant was originally charged with the knowing use of an incendiary device in the *commission* of a felony. Because no additional felony had been committed, the information was amended to charge knowing use of an incendiary device in the *attempted commission* of a felony, namely criminal mischief in the value of one hundred dollars or more,

1. Section 18–12–109(4) provides:
   Any person who knowingly uses or causes to be used an explosive or incendiary device in the commission of or attempts to commit a felony commits a class 2 felony.

section 18–4–501, C.R.S.1973 (1978 Repl.Vol. 8),[2] and first and second degree assault, sections 18–3–202 and 18–3–203, C.R.S.1973 (1978 Repl.Vol. 8). The defendant was convicted of the charge with respect to criminal mischief only.

On appeal, the defendant contends that the incendiary device statute resulted from the General Assembly's unlawful attempt to harmonize conflicting bills; that the district court misconstrued the definition of an incendiary device; that if the district court's definition is correct the incendiary device statute violates his right to equal protection of the laws; and that the evidence was insufficient to prove that he attempted criminal mischief in the value of more than one hundred dollars. We disagree and affirm the defendant's conviction.

I.

The defendant contends that he was convicted of the violation of a statute that is an unlawful combination of two irreconcilable bills, and that if the Revisor of Statutes had reported the statute as adopted by the General Assembly, he would have been acquitted.

The People amended their original information to charge the unlawful use of an incendiary device in the attempted commission of a felony because they could not prove the commission of a felony. Prior to 1977, the incendiary device statute required proof of the commission of a felony. This statute was first passed in 1974 and stated:

> Any person who uses or causes to be used an explosive or incendiary device in the commission of a felony, commits a class 2 felony.

C.R.S.1963, 40–12–109(4) (original codification).

In 1977, the General Assembly passed two separate bills amending the incendiary device statute. House Bill No. 1195 repealed and reenacted section 18–12–109, C.R.S. 1973. Subsection (4) was amended by the addition of the words "or attempts to commit."[3] This bill became law on June 4, 1977, to be effective July 1, 1977. House Bill No. 1654, entitled "An Act Concerning Criminal Culpability, and Amending the 'Colorado Criminal Code' with Respect Thereto," defined different culpable mental states and revised the mental state requirements of many sections of the Criminal Code. This bill, which amended subsection (4) of section 18–12–109 by adding the word "knowingly,"[4] was signed by the governor on July 1, 1977, its effective date. Neither bill refers to the other. The Office of the Revisor of Statutes, complying with its statutory duty to "correct obvious errors and inconsistencies," section 2–3–703, C.R.S. 1973 (1980 Repl.Vol. 1B), harmonized the provisions of the bills by adding both "knowingly" and "or attempts to commit" to subsection (4). The General Assembly approved the Revisor's changes in 1978. Section 2–5–125(1)(c)(I), C.R.S.1973 (1980 Repl.Vol. 1B).

The defendant maintains that this issue is controlled by section 2–4–206, C.R.S.1973 (1980 Repl.Vol. 1B).

> If statutes enacted at the same or different sessions of the general assembly are

---

**2.** At the time of the offense, section 18–4–501 provided:

> Any person who knowingly damages the real or personal property of one or more other persons in the course of a single criminal episode commits a class 2 misdemeanor where the aggregate damage to the real or personal property is less than one hundred dollars. Where the aggregate damage to the real or personal property is one hundred dollars or more, he commits a class 4 felony.

**3.** Section 18–12–109(4) in House Bill 1195 provided:

> Any person who uses or causes to be used an explosive or incendiary device in the commission of or attempts to commit a felony commits a class 2 felony.

**4.** Section 18–12–109(4) in House Bill 1654 provided:

> Any person who KNOWINGLY uses or causes to be used an explosive or incendiary device in the commission of a felony commits a class 2 felony.

irreconcilable, the statute prevails which is latest in its effective date. If the irreconcilable statutes have the same effective date, the statute prevails which is latest in its date of passage.

The defendant argues that since H.B. 1195 includes the words "or attempts to commit" and H.B. 1654 does not, the bills are irreconcilable. Since both bills have the same effective date, the statute with the latest date of passage, H.B. 1654, would prevail. The defendant concludes that the "or attempts to commit" language is not properly part of the statute and, therefore, he should be acquitted because the evidence does not establish the commission of a felony.

The district court ruled that the bills were irreconcilable, but that this defect was cured by the General Assembly's approval of the action taken by the Office of the Revisor of Statutes in harmonizing the bills.

The People argue that section 2–4–206 is inapplicable to this issue. Instead, they point to section 2–4–301, C.R.S.1973 (1980 Repl.Vol. 1B), as controlling.

> If amendments to the same statute are enacted at the same or different sessions of the general assembly and one amendment is without reference to another, the amendments are to be harmonized, if possible, so that effect may be given to each.

The People assert that both bills were intended as amendments to the incendiary device statute and that the amendments are not irreconcilable.

■ We agree with the People. It is apparent from the record that the General Assembly in 1977 considered two amendments to the incendiary device statute at approximately the same time and approved them both. H.B. 1654 was a comprehensive bill revising the mental state requirements of major portions of the Criminal Code. It was written before H.B. 1195 was passed. The writers of H.B. 1654 obviously used the text of the incendiary device statute as it existed when H.B. 1654 was written. H.B. 1195 focused specifically on the incendiary

device statute and approved the language "or attempts to commit." We hold that these two amendments are not irreconcilable, and that the Revisor of Statutes properly applied section 2–4–301 in harmonizing the amendments. The General Assembly's approval of the Revisor's actions supports our holding.

## II.

The defendant next asserts that the district court misconstrued the definition of an incendiary device. Section 18–12–109(1)(a)(I)(C), C.R.S.1973 (1978 Repl.Vol. 8) defines an incendiary device as:

> Any incendiary bomb or grenade, fire bomb, or similar device, including any device, except kerosene lamps, which consists of or includes a breakable container including a flammable liquid or compound and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound and can be carried or thrown by one individual acting alone.

The defendant maintains that the phrase "which consists of or includes a breakable container including a flammable liquid or compound and a wick . . ." describes every device that is proscribed by this statute. In other words, he argues that all incendiary devices must consist of a breakable container and a wick and be capable of being carried or thrown by one person before their use may be prosecuted under this statute. The district court ruled that the phrase emphasized by the defendant defines the phrase "including any device." The court read the statute as proscribing the use of any incendiary bomb or grenade, including one with a wick and a breakable container.

■ It is obvious to us that the district court's interpretation is correct. A legislative enactment must be given effect according to its plain and obvious meaning. *City and County of Denver v. Howard,* 622 P.2d 568 (Colo.1981); *Harding v. Industrial Com-*

*mission,* 183 Colo. 52, 515 P.2d 95 (1973). If the General Assembly had only wanted to punish the use of breakable containers with wicks, it would have defined an incendiary device as a device with a wick and a breakable container. Instead, incendiary device was defined as *any* incendiary bomb or grenade, fire bomb, or similar device, *including* any device with a wick and a breakable container.

The defendant contends, however, that *People v. Brown,* 194 Colo. 553, 574 P.2d 92 (1978), supports his definition. In *Brown* the defendant was charged with the unlawful use of an incendiary device. A fire investigator had discovered what he believed to be the remnants of a "molotov cocktail": broken pieces of a glass bottle, liquid, and the charred remains of what appeared to be a wick. The remains of the wick disintegrated before trial, and the district court ordered that all testimony regarding the wick be suppressed. This court discussed the materiality of the evidence in a footnote.

> Section 18–12–109(1)(c) . . . provides that the definition of "incendiary device" includes "a breakable container including a flammable liquid or compound *and a wick* composed of any material which, when ignited, is capable of igniting such flammable liquid or compound. . . ." Thus, the existence of a wick is not only *material,* but essential, to the People's case, at least as to this charge.

*Id.* at 555, n. 4, 574 P.2d at 93 (emphasis in original).

In *Brown* the People were trying to establish that a "molotov cocktail" had been used; a "molotov cocktail" has a wick. The footnote says that the definition of an incendiary device *includes* a breakable container with a wick. We did not intend to exclude incendiary devices without wicks from the reach of the statute. An incendiary device without a wick may be prosecuted under the incendiary device statute, despite any apparent language to the contrary in *Brown.*

### III.

The defendant argues that if the district court was correct in defining an explosive or incendiary device, section 18–12–109(4) deprives him of equal protection of the laws. *Colo. Const.* Art. II, § 25. He argues that the statute violates equal protection because it proscribes the same conduct forbidden by the fourth degree arson statute, section 18–4–105, C.R.S.1973 (1978 Repl.Vol. 8),[5] but carries a substantially greater penalty. The knowing use of an incendiary device in the attempted commission of a felony is a class 2 felony. A judgment of fourth degree arson in this case would have resulted in a misdemeanor conviction.

■ We consistently have held that equal protection requires that statutory classifications of crimes be based on differences that are real in fact and reasonably related to the purposes of the legislation. *People v. Marcy,* 628 P.2d 69 (Colo.1981); *People v. Gurule,* 628 P.2d 99 (Colo.1981); *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). Subjecting a defendant to a more severe sanction for criminal conduct identical to that proscribed by another statute is a violation of equal protection.

■ It is also well established that a single act may give rise to the violation of

---

5. Section 18–4–105 provides:
    (1) A person who knowingly or recklessly starts or maintains a fire or causes an explosion, on his own property or that of another, and by so doing places another in danger of death or serious bodily injury or places any building or occupied structure of another in danger of damage commits fourth degree arson.
    (2) Fourth degree arson is a class 4 felony if a person is thus endangered.
    (3) Fourth degree arson is a class 2 misdemeanor if only property is thus endangered and the value of the property is one hundred dollars or more.
    (4) Fourth degree arson is a class 3 misdemeanor if only property is thus endangered and the value of the property is less than one hundred dollars.

**1238**

more than one criminal statute. *People v. Westrum,* 624 P.2d 1302 (Colo.1981); *People v. James,* 178 Colo. 401, 497 P.2d 1256 (1972). It is only when two statutes proscribe identical conduct that equal protection is violated. "If reasonable distinctions can be drawn between the statutes, equal protection is not offended." *People v. Westrum, supra,* at 1303.

In *People v. Taggart,* 621 P.2d 1375 (Colo. 1981), the defendant argued that Colorado's child abuse statute, section 18–6–401, C.R.S. 1973 (1978 Repl.Vol. 8), violated equal protection because it proscribed the same conduct forbidden by the criminally negligent homicide statute, section 18–3–105, C.R.S. 1973 (1978 Repl.Vol. 8), but carried a disproportionately greater penalty. We held that the statute did not proscribe identical conduct. The child abuse statute encompasses conduct that is particularly abusive to children, while criminally negligent homicide proscribes carelessness that causes death to anyone, adult or child. We stated:

> There being differences between the two statutory offenses, the legislative classification must be upheld so long as those differences are reasonably related "to the objects or persons dealt with and to the public purpose sought to be achieved by the legislation involved."

*Id.* at 1382 (citations omitted).

Here we consider whether the incendiary device statute proscribes conduct identical to that forbidden by the fourth degree arson statute. Section 18–12–109(4), C.R.S.1973 (1978 Repl.Vol. 8), states:

> Any person who knowingly uses or causes to be used an explosive or incendiary device in the commission of or attempts to commit a felony commits a class 2 felony.

Section 18–4–105(1), C.R.S.1973 (1978 Repl. Vol. 8), provides:

> A person who knowingly or recklessly starts or maintains a fire or causes an explosion, on his own property or that of another, and by so doing places another

in danger of death or serious bodily injury or places any building or occupied structure of another in danger of damage commits fourth degree arson.

Facially, these statutes have little in common. Section 18–12–109(4), which proscribes the use of an incendiary device in the commission or attempted commission of a felony, is an expression of legislative intent to punish severely those felons using a bomb, either explosive or incendiary. The fourth degree arson statute penalizes those who start or maintain a fire or cause an explosion which subsequently endangers another person or a building or occupied structure. The mental state required for fourth degree arson is that the fire or explosion be started or maintained knowingly or recklessly. The prosecution need not prove intent to endanger the person or building. *See People v. Garcia,* 189 Colo. 347, 541 P.2d 687 (1975). The incendiary device statute proscribes more culpable conduct, and as applied in this case, it does not deny the defendant equal protection of the laws.

### IV.

Finally, the defendant contends that there was insufficient evidence to prove that he attempted criminal mischief in the value of one hundred dollars. His argument is without merit. A Volkswagen mechanic testified that if the device had functioned the damage to the engine would have been between eight and nine hundred dollars. In addition, Linda Yakich testified that the automobile was worth two thousand dollars. Thus, there was substantial evidence for the jury to determine that the damage would have been in excess of one hundred dollars. *People v. Bennett,* 183 Colo. 125, 515 P.2d 466 (1973).

Judgment affirmed.