The PEOPLE of the State of Colorado, Petitioner,

v.

Marion Alexander LEWIS, Respondent.

No. 86SC194.

Supreme Court of Colorado,
En Banc.

Nov. 9, 1987.

MULLARKEY, Justice.

We granted the People's petition for certiorari to decide whether the traffic infraction law, sections 42–4–1001(7)(i) and 42–4–1501(2)(a)(I), (II), 17 C.R.S. (1984 & 1986 Supp.), violates equal protection under the fourteenth amendment to the United States Constitution. We conclude that it does not. Accordingly, we reverse and remand the case to the district court and direct it to remand the cause to the county court with instructions to reinstate the judgment against the respondent.

### I.

In order to understand the respondent's constitutional argument, a brief overview of the classification of traffic violations in Colorado is necessary.[1] The statutory sections which he challenges were part of H.B. 1019, "Concerning the Decriminalization of Minor Traffic Offenses, and Providing for Procedures Relating Thereto and Making an Appropriation in Connection Therewith," passed during the 1982 session of the legislature. Ch. 173, secs. 1–122, 1982 Colo.Sess.Laws 653 *et seq.* Section 42–4–1001(7)(i), 17 C.R.S. (1984 & 1986 Supp.), provides that driving from one to nineteen miles per hour over the speed limit is a class A traffic infraction. Traffic infractions are civil matters and are not punishable by imprisonment. § 42–4–1501(1), 17 C.R.S. (1984). Class A traffic infractions are subject to a penalty of from five to one hundred dollars. §§ 42–4–1501(2)(a)(I), 42–4–1501(3)(a)(I.1), 17 C.R.S. (1984 & 1986 Supp.). In addition, speeding from one to nine miles per hour over the limit results in the assessment of three points against the driver's license, and exceeding the limit by ten to nineteen miles per hour results in the assessment of four points. § 42–2–123(5)(f)(I), (II), 17 C.R.S. (1984).

Driving twenty or more miles per hour over the speed limit is a class 2 traffic offense misdemeanor. §§ 42–4–1001(7)(i),

---

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for petitioner.

No appearance for respondent.

1. At the time of the respondent's violation, the current version of the relevant motor vehicle laws was codified in the 1984 Replacement Volume for Title 42. Some changes have been made since then, but none affects the analysis or result in this case. Accordingly, we cite to the current version of the statutes.

42–4–104, 17 C.R.S. (1984 & 1986 Supp.). Class 2 traffic offense misdemeanors are subject to a fine of from ten to three hundred dollars, imprisonment of from ten to ninety days, or both. § 42–4–1501(2)(a)(II), 17 C.R.S. (1984). In addition, speeding twenty or more miles per hour over the limit results in the assessment of six points against the driver's license. § 42–2–123(5)(f)(III), 17 C.R.S. (1984).

Actions in which only traffic infractions are charged are governed by the Colorado Rules for Traffic Infractions, 7B C.R.S. (1984) ("C.R.T.I."). *See* C.R.T.I. 2. The following rights and procedures, which are available under the Colorado Rules of Criminal Procedure, are not available under C.R.T.I.: the defendant cannot request a jury trial, *cf.* C.R.T.I. 11 (providing for a hearing by a referee); the defendant cannot enter a plea agreement, C.R.T.I. 5; no discovery is available prior to the final hearing, C.R.T.I. 8; and the hearing is not governed by the Colorado Rules of Evidence, C.R.T.I. 11(c).

## II.

The respondent, Marion Alexander Lewis, was stopped for speeding on October 2, 1984. He was given a penalty assessment notice pursuant to section 42–4–1501(4)(a), 17 C.R.S. (1984 & 1986 Supp.). The notice charged him with driving seventy-four miles per hour in a zone where the speed limit was fifty-five miles per hour. On January 17, 1985, the respondent appeared in county court with his attorney, pled not guilty, and had a hearing. At the hearing, the respondent argued, *inter alia*, that if he had been charged with driving seventy-

five miles per hour instead of only seventy-four miles per hour, he would have been able to have a jury trial even though he would have been subject to "substantially the same penalties." He contended that the statutory classification was unreasonable and therefore denied him equal protection. After receiving briefs from the People and from the respondent on this question, the county court concluded that the classification was reasonable and the statute was not arbitrary or capricious. It therefore entered judgment against the respondent.

The respondent appealed to the district court, which reversed. The district court reasoned that the small difference in gravity between exceeding the limit by nineteen miles per hour and exceeding it by twenty miles per hour did not justify depriving the respondent of a jury trial and the other procedures available under the Colorado Rules of Criminal Procedure. Accordingly, the district court concluded that the respondent's equal protection rights had been violated by having judgment entered against him under the Colorado Rules for Traffic Infractions. The district court reversed the judgment against the respondent and declared the traffic infraction law which had taken effect in January of 1983 to be unconstitutional.

## III.

Because the classification drawn by the statutes in question does not infringe on a fundamental right[2] or create a suspect class, we are required to apply the rational relationship test.[3] *See, e.g., Lee v.*

---

2. Because the maximum penalty for a traffic infraction is $100, an individual charged with a traffic infraction does not have a constitutional right to a jury trial. *See Duncan v. Louisiana,* 391 U.S. 145, 159, 88 S.Ct. 1444, 1453, 20 L.Ed.2d 491 (1968) (right to jury trial for those charged with "serious crimes" but not for those charged with "petty offenses"); *Austin v. City and County of Denver,* 170 Colo. 448, 456, 462 P.2d 600, 604 (1969) (in absence of contrary legislative mandate, petty offenses not requiring jury trial are those for which maximum penalty does not exceed $500 and six months' imprisonment), *cert. denied,* 398 U.S. 910, 90 S.Ct. 1703, 26 L.Ed.2d 69 (1970).

3. The district court based its equal protection analysis on *People v. Calvaresi,* 188 Colo. 277, 534 P.2d 316 (1975). In *Calvaresi,* we held that the right to equal protection is violated when the law "prescribes different degrees of punishment for the same acts committed under like circumstances by persons in like situations." 188 Colo. at 282, 534 P.2d at 318. *Calvaresi* is inapplicable for two reasons. First, the respondent does not object to two statutes which prohibit the same conduct but impose different penalties. Second, the trial court's ruling was based solely on the federal equal protection clause and the *Calvaresi* analysis applies only to state equal protection claims. *People v. Estrada,*

*Colo. Dep't of Health,* 718 P.2d 221, 227 (Colo.1986). Under this test, "[t]he legislature is permitted to adopt any classification as long as the classification bears a reasonable relation to a proper legislative purpose and is not arbitrary or discriminatory." *People ex rel. D.G.,* 733 P.2d 1199, 1203 (Colo.1987); *see also Torres v. Portillos,* 638 P.2d 274, 276 (Colo.1981) (must be "conceivable that the classification established by the legislation bears a rational relationship to a permissible governmental purpose"). The party challenging the statutory scheme has the burden of proving that the classification is not reasonably related to a legitimate governmental objective. *See Lee,* 718 P.2d at 227.

We recognized in *City of Greenwood Village ex rel. State v. Fleming,* 643 P.2d 511, 518 n. 11 (Colo.1982), that the legislature could choose to decriminalize certain types of traffic violations and to develop an alternative method of adjudication. By passing this legislation in 1982, the legislature has chosen to do exactly that. There is no dispute in this case that the infraction with which the respondent was charged is classified by the 1982 legislation as civil and is in fact civil in nature.

▪ The respondent, however, challenges the legislature's authority to draw a line designating certain speeding offenses (speeding less than twenty miles per hour over the speed limit) as civil and others (speeding twenty miles per hour or more over the speed limit) as criminal. Even before the 1982 legislation, the statutes treated speeding violations of twenty or more miles per hour over the limit differently from violations of one to nineteen miles per hour over the limit. *See* §§ 42–4–1001(7)(i), 42–4–1501(4)(a), (c)(I)(A), 17 C.R.S. (1981 Supp.) (penalty assessment notice procedure could not be used when "violator exceeded the posted speed limit by more than nineteen miles per hour"). This classification is not arbitrary or discriminatory and is reasonably related to a proper legislative purpose. Decriminalization of speeding offenses which are less than twenty miles per hour over the speed limit serves important public purposes by simplifying the procedures for the drivers involved and reducing the burden on the state's criminal justice system. *See, e.g., Hearings on H.B. 1019 Before the House Judiciary Comm.,* 53d Gen. Assembly, 2d Reg.Sess. (Jan. 12, 1982, and Feb. 9, 1982).

To draw the line based on the speed at which the vehicle was traveling is rational and related to the purposes underlying the traffic laws. Traffic safety and fuel conservation are two of the stated purposes of the laws setting and enforcing motor vehicle speed limits. *See, e.g.,* § 42–4–1001(1), (3), (7)(a), 17 C.R.S. (1984). As the speed of the vehicle increases, fuel consumption and the risk of accidents also increase. The legislature's decision to treat higher rates of speeding as more serious and as involving criminal conduct does not violate equal protection. Determining where and how to draw the line between criminal and noncriminal conduct is within the legislature's discretion and, in this case, we see no basis to disturb its determination. *Cf. People v. Mason,* 642 P.2d 8, 12 (Colo.1982) (upholding legislative definition of criminal conduct in prostitution context); *State v. Drake,* 219 N.W.2d 492, 496 (Iowa 1974) (upholding legislative definition of statutory rape based on age of the victim and assailant).

### IV.

For the reasons explained above, we reverse the district court's order finding the traffic infraction statutes unconstitutional and reversing the judgment against the respondent. We remand the matter to the district court with directions to remand the matter to the county court with instructions to reinstate the judgment against the respondent.

198 Colo. 188, 191–92, 601 P.2d 619, 621 (1979) (citing *United States v. Batchelder,* 442 U.S. 114, 124–25, 99 S.Ct. 2198, 2204–05, 60 L.Ed.2d 755

(1979)). Accordingly, we analyze the respondent's claim under general equal protection doctrines.