**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Angela Sam FINNESSEY, Defendant–Appellee.**

**No. 86SA145.**

Supreme Court of Colorado, En Banc.

Dec. 21, 1987.

Mark M. Myers, Sp. Prosecutor, Deputy Dist. Atty., Ninth Judicial Dist., Glenwood Springs, for plaintiff-appellant.

Donald L. McBee, Harshman & McBee, Grand Junction, for defendant-appellee.

MULLARKEY, Justice.

In this case, the prosecution appeals from a district court order dismissing an information filed against the defendant, Angela Sam Finnessey. Because the constitutionality of the conspiracy portion of section 18–18–106(8)(b)(I), 8B C.R.S. (1986), is at issue, this appeal comes directly to this court as provided in section 13–4–102(1)(b), 6A C.R.S. (1987). We reverse and remand the case.

I.

In a single count information, the People charged that from June 4, 1985, to September 5, 1985, the defendant conspired with several other persons to distribute marihuana. The information alleged that she acted "in violation of Sections 18–2–201 and 18–18–106(8)(b)(I), C.R.S., as amended; (Conspiracy to possess and to distribute marihuana, a Class 4 felony)." The defendant moved to dismiss on grounds that the conspiracy portion of section 18–18–106(8)(b)(I) was unconstitutional and the trial court granted her motion. The court construed the information as charging the defendant with the commission of two crimes: a class 5 felony under section 18–

2–201, 8B C.R.S. (1986),[1] and a class 4 felony under section 18–18–106(8)(b)(I), 8B C.R.S. (1986).[2] It then dismissed the information because it found there was "an inherent inconsistency in the charge" which denied the defendant her rights to equal protection of the laws and due process.

The trial court's ruling raises an initial question of whether the information charges one or two crimes. Although conceding that the information was not well drafted, the People assert that the trial court misconstrued the information. The People argue that the information charges only one crime: conspiracy to distribute marihuana. In the People's view, the information's reference to the general conspiracy statute (section 18–2–201) was only definitional and its reference to possession was surplusage. The defendant acknowledges that section 18–2–201 provides the substantive definition of conspiracy and she did not challenge the sufficiency of the information below. She does not claim to have been misled by the information and we think that, fairly construed, the information charges her with a single crime.

As we have stated in other cases, "conspiracy has legal significance only with respect to some other crime which is the object of the conspiracy." *Watkins v. People*, 655 P.2d 834, 838 (Colo.1982). Section 18–2–201 contains the general definition of conspiracy but, standing alone, it does not charge a crime. *Cf. Olde v. People*, 112 Colo. 15, 145 P.2d 100 (1944) (conviction of "conspiracy" without more is invalid). Here, the information's description of the crime, including the references to a class 4 felony and to section 18–18–106(8)(b)(I), was sufficient to inform the defendant that she was charged with conspiracy to distribute marihuana. We find no inconsistency in the information and the requirements of due process were met.

## II.

The defendant's principal argument is that the penalty scheme of section 18–18–106 violates her right to equal protection under article II, § 25 of the Colorado Constitution.[3] Relying on *People v. Calvaresi*,

1. Section 18–2–201, 8B C.R.S. (1986), provides: **Conspiracy.** (1) A person commits conspiracy to commit a crime if, with the intent to promote or facilitate its commission, he agrees with another person or persons that they, or one or more of them, will engage in conduct which constitutes a crime or an attempt to commit a crime, or he agrees to aid the other person or persons in the planning or commission of a crime or of an attempt to commit such crime.
(2) No person may be convicted of conspiracy to commit a crime, unless an overt act in pursuance of that conspiracy is proved to have been done by him or by a person with whom he conspired.
(3) If a person knows that one with whom he conspires to commit a crime has conspired with another person or persons to commit the same crime, he is guilty of conspiring to commit a crime with the other person or persons, whether or not he knows their identity.
(4) If a person conspires to commit a number of crimes, he is guilty of only one conspiracy so long as such multiple crimes are part of a single criminal episode.
(5) If a person conspires to commit a felony which is defined by any statute other than one contained in this title and for which conspiracy no penalty is specifically provided, he is guilty of a class 5 felony. If a person conspires to commit a misdemeanor which is defined by any statute other than one con-
tained in this title and for which conspiracy no penalty is specifically provided, he is guilty of a class 3 misdemeanor.

2. Section 18–18–106(8)(b)(I) was amended in a manner not relevant to this case after the crime charged. *See* 8B C.R.S. (1987 Supp.). At the time in question, the section provided:
Except as is otherwise provided in subsection (7) of this section and except as authorized by part 3 of article 22 of title 12, C.R.S., it is unlawful for any person knowingly or intentionally to manufacture, dispense, sell, or distribute, with or without remuneration, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, marihuana or marihuana concentrate; or to induce, attempt to induce, or conspire with one or more other persons to manufacture, dispense, sell, or distribute, with or without remuneration, or to possess with intent to manufacture, dispense, sell, or distribute, with or without remuneration, marihuana or marihuana concentrate.

3. The defendant also raises a federal equal protection claim which we do not reach because the *Calvaresi* analysis applies only to state equal protection claims. *People v. Lewis*, 745 P.2d 668 (Colo.1987); *People v. Estrada*, 198 Colo. 188, 191–92, 601 P.2d 619, 620–21 (1979). Hence, we consider her claim only under the Colorado Constitution.

188 Colo. 277, 534 P.2d 316 (1975), and related cases, she contends that the penalty provisions of section 18–18–106(8)(b)(III) for marihuana conspiracy are unconstitutional because lesser penalties for criminal conspiracy are established under section 18–2–206, 8B C.R.S. (1986).

The marihuana statute, section 18–18–106, does not distinguish between conspiracy to distribute marihuana and the substantive act of distribution of marihuana. Both are defined as crimes in section 18–18–106(8)(b)(I) and both are punished as class 4 felonies in section 18–18–106(8)(b)(III).[4] The general penalties for criminal conspiracy in section 18–2–206 punish a conspiracy to commit a class 4 or class 5 felony as a class 5 felony. § 18–2–206(1), 8B C.R.S. (1986). Thus, the defendant argues that she is denied equal protection because her alleged conduct violates two different statutes with different penalties.

In *People v. Weller*, 679 P.2d 1077, 1082 (Colo.1984), we summarized the principles applicable to this type of equal protection case:

> Equal protection requires that statutory classifications of crimes be based on differences that are real in fact and are reasonably related to the purposes of the legislation. *People v. Owens*, 670 P.2d 1233 (Colo.1983); *People v. Marcy*, 628 P.2d 69 (Colo.1981); *People v. Calvaresi*, 188 Colo. 277, 534 P.2d 316 (1975). "Subjecting a defendant to a more severe sanction for criminal conduct identical to that proscribed by another statute is a violation of equal protection." *People v. Owens*, 670 P.2d at 1237.

In *Weller*, the defendant contended that the penalty for second degree assault with a deadly weapon violated equal protection because it was more severe than the penalty for general criminal attempt. We concluded that there was no violation of equal protection because the defendant's conduct was not specifically proscribed by the general attempt statute. Recognizing that specific legislation controls, we noted that the General Assembly intended to punish an attempt to cause bodily injury by means of a deadly weapon in a special manner and we found that choice was within the legislative prerogative.

We also considered and rejected an argument very similar to the one now before us in *People v. Roy*, 723 P.2d 1345 (Colo.1986). In that case, the defendant argued that he was denied equal protection of the law because section 18–18–105(1)(a) (unlawful distribution, manufacturing, dispensing, sale or possession of controlled substance) punishes the offenses of attempt and conspiracy as class 3 felonies while the same conduct would have been a class 4 felony under section 18–2–101(4) (criminal attempt) and a class 5 felony under section 18–2–201(5) (conspiracy). In rejecting Roy's equal protection argument, we again relied on the general rule of statutory construction that a specific statute prevails over general legislation. *Id.* at 1349, citing *People v. Luciano*, 662 P.2d 480 (Colo. 1983). We held that it was "clearly within the power of the General Assembly to punish the attempt to induce the sale of a controlled substance or conspiring to sell a controlled substance with greater severity than other acts which may constitute criminal attempt or conspiracy." *Roy*, 723 P.2d at 1349.

The reasoning of *Weller* and *Roy* applies in this case. Here, too, the General Assembly passed a specific statute punishing marihuana conspiracies which controls over the general conspiracy penalties and we find it was within the legislature's discretion to punish marihuana conspiracies more severely than other conspiracies. The defendant's conduct is not specifically proscribed by the general conspiracy statute. Thus, we are not confronted with two statutes proscribing identical conduct but imposing different penalties and we hold that the statute does not violate equal protection.

---

4. Section 18–18–106(8)(b)(III), 8B C.R.S. (1986), provides:

Any person who violates any of the provisions of subparagraph (I) of this paragraph (b) commits:

(A) A class 4 felony; or
(B) A class 3 felony, if the violation is committed subsequent to any prior conviction for any violation to which this subsection (8) applies.

The judgment of the trial court is reversed and the case is remanded.