David Paul Commissioner Division of Financial Services 1560 Broadway, Suite 750 Denver, Colorado 80202
Dear Mr. Paul:
This opinion letter is in response to your April 12, 1990 inquiry about the status of deferred compensation funds in connection with statutory collateralization requirements of "public moneys" in savings and loan institutions.
QUESTION PRESENTED AND CONCLUSION
Whether deferred compensation funds are "public moneys" covered by Protection of Deposits of Public Moneys Act (hereafter, "PDPMA").
Yes, they are.
ANALYSIS
In 1980, the Colorado General Assembly enacted the State Deferred Compensation Statute which allows state employees to defer a portion of their salaries for distribution at some later specified date or event. See §§ 24-52-101 to -103, C.R.S. (1988). This statute was enacted to take advantage of section 457 of the Internal Revenue Code which allows tax deferral on income placed in such plans. Some or all of these funds can be deposited with savings and loan institutions. § 24-52-103, C.R.S. (1988).
The PDPMA requires savings and loan institutions to collateralize "public moneys." See §§ 11-47-106 to -108, C.R.S. (1988). The Act defines "public moneys" as, "all moneys under thecontrol of or in the custody ofgovernmental units." § 11-47-103(12), C.R.S. (1988) (emphasis added). The issue, therefore, is whether deferred compensation funds are moneys under the "control" or "custody" of a "governmental unit." Clearly, they are.
First, "governmental unit" is defined by the PDPMA as,
 the State of Colorado, every . . . authority located in this state, every public body corporate created or established under the constitution or any law of this state, and every board, commission, department, institution, agency of, and every entity created by intergovernmental agreement among any of the foregoing which collects, receives, or has custody of or control over public moneys.
Section 11-47-103(8), C.R.S. (1990 Supp). The Deferred Compensation Statute identifies the Deferred Compensation Committee, which administers the fund, as a part of, and under the direction and supervision of, the Department of Personnel. § 24-52-102(c)(I), C.R.S. (1988); see also, §24-1-105(1), C.R.S. (1988)). The Department of Personnel is an agency of the State. Colo. Const. art. IV, § 22. Moreover, the Committee is defined by statute as a "public entity" entitled to governmental immunity. § 24-52-102(f)(I), C.R.S. (1988). Finally, the Committee is composed of state officials and state employees, § 24-52-102(1)(a)(I), C.R.S. (1988); the plan is managed by the state personnel director and staffed by state employees, § 24-52-102(2)(c), C.R.S. (1990 Supp.); and the Attorney General is designated to advise the Committee on all legal matters pertaining to the plan, § 24-52-102(1)(c)(II), C.R.S. (1989). These circumstances clearly satisfy the "governmental unit" requirement of the PDPMA.
The funds are also within the "control" and "custody" of the State. While not specifically defined by statute, these terms should be given their plain and ordinary meaning, unless the context indicates otherwise. People v. Owen, 670 P.2d 1233
(Colo. 1983); Alonzi v. People, 198 Colo. 160,597 P.2d 560 (1979). "Control" is generally defined as the power or authority to manage, direct, govern, administer, or oversee. Black's Law Dictionary, at 399 (4th Ed. 1951, West Pub. Co.); see, also, Bedford v. Gamble-Skogmo,Inc., 104 Colo. 424, 91 P.2d 475 (1939)."Custody" is similarly defined, although it more specifically suggests physical possession and not necessarily the authority to manage. Black's Law Dictionary, supra at 460. The Deferred Compensation Statute gives the Committee the power and authority to establish and administer the plan. § 24-52-102, C.R.S. (1988). This statute gives the Committee "substantial discretion" in performing its functions. § 24-52-102((1)(d)(I), C.R.S. (1988). It also creates a separate fund into which deferred income and related fees are deposited. § 24-52-102(5), C.R.S. (1988). The fund is maintained by the state treasurer, who is the "official custodian" of all state moneys. §§ 24-52-102(5) and 24-36-101, C.R.S. (1988). Thus, the State, acting by and through the Committee and Treasurer, has "custody" and "control" of the deferred compensation funds.
The Internal Revenue Code provides additional support for these conclusions. The Code identifies a deferred compensation plan as one "established and maintained by a state." 26 U.S.C. § 457(b) (1989). Subsection 457(a)(6)(C) further requires that,
 all income attributable to such amounts, property, or rights, shall remain (until made available to the participant or other beneficiary) solely the property and rights of the State (without being restricted to the provision of benefits under the plan) subject only to the claims of the state's general creditors.
The Internal Revenue Service has reviewed the state's plan and determined that it meets the Code requirements (see attachment). Thus, not only does the state, through the Deferred Compensation Committee, have control and custody of these funds, but the state is also the owner of the funds.
SUMMARY
Because I conclude that deferred compensation funds are moneys in the custody and control of a governmental unit, they are "public moneys" which, if deposited in eligible saving and loan institutions, must be collateralized in accordance with PDPMA.
Sincerely,
 DUANE WOODARD Attorney General
RETIREMENT SYSTEMS PUBLIC FUNDS BANKS AND BANKING
Section 11-47-103(12), C.R.S. (1988) Sections 24-52-101 to 103, C.R.S. (1988)
REGULATORY AGENCIES, DEPT. Savings Loan, Div. of
Deferred compensation funds are "public moneys" under Protection of Deposits of Public Moneys Act.