560 P.2d 470 (1976)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Henry Louis HARMES, Defendant-Appellant.
No. 75-393.
Colorado Court of Appeals, Div. I.
November 26, 1976.
Rehearing Denied December 16, 1976.
*471 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, E. Ronald Beeks, Asst. Attys. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, Thomas M. Van Cleave III, Deputy State Public Defender, Denver, for defendant-appellant.
Selected for Official Publication.
PIERCE, Judge.
The opinion announced on October 14, 1976, is withdrawn, and the following opinion is issued in its stead.
Defendant appeals his conviction of second degree assault. We reverse.
*472 Defendant was arrested for trespass in connection with his having fallen asleep in a private residence without invitation. Two officers were summoned to the scene to remove him. After awakening defendant, the officers took him to a patrol car. According to the officers, he intentionally kicked one of them as they were placing him in the vehicle. Defendant's testimony was that if he had kicked the officer, it was inadvertent, the consequence of his attempting to position himself in a sitting position in the back seat of the patrol car while handcuffed.
At the police station, another altercation between defendant and the same officer occurred. The police claimed that defendant began these hostilities by once again intentionally kicking at the officer, and that as a result, he was physically subdued by the officer and other policemen in an appropriate manner. Defendant contended that the officer began to strike him without justification and that he had only used his feet in an attempt to fend off the officer's blows.
As to the events which occurred at the police station, videotape equipment was activated by the officers as they entered the station, and the incident which occurred there was filmed. However, that videotape was not preserved, and because it was not available, defendant moved for but was denied dismissal of the assault charge. The propriety of that ruling forms the dispositive issue of this appeal.
Defense counsel was first made aware of the existence of the videotape at the preliminary hearing. According to the uncontroverted statements of defense counsel in the motion to dismiss, the defense was informed at the preliminary hearing that the videotape would be held by the police as evidence against defendant purportedly probative of the alleged assault. Later, approximately a week before defendant's case was scheduled for trial, counsel contacted the prosecutor, and requested to view the videotape. At that time, the prosecutor apprised defense counsel that, several days previously, the officer involved in the altercation with defendant had informed the prosecutor that the videotape had been erased and reused by the police. It was never established exactly when the film was obliterated except that the police claimed that it was still in existence prior to the preliminary hearing, but was thereafter erased prior to defense counsel's efforts to view it. It was undisputed that the defense was wholly unaware of the erasure of the film until after being so informed by the prosecution following the request to view the film.
Defendant filed a motion to dismiss the following day. The trial court denied the motion and the case proceeded to trial.
The People do not dispute that willful or intentional nondisclosure by the police or prosecution of evidence potentially favorable to defendant constitutes suppression, resulting in a denial of due process. Cheatwood v. People, 164 Colo. 334, 435 P.2d 402 (1967); People v. Norwood, Colo.App., 547 P.2d 273 (1975). See also Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Our Supreme Court, however, never has expressly decided whether, in all cases, a defendant must establish that the loss or nondisclosure was intentional. See People v. Bynum, Colo., 556 P.2d 469 (announced November 1, 1976). Thus, the question is whether the admittedly negligent destruction of the videotape in this case is tantamount to suppression. We conclude that it is.
The duty to preserve evidence known to be material is part of the duty to disclose. People v. Norwood, supra. The principle underlying this rule is the constitutional requirement that a criminal defendant be afforded due process. The focus therefore is not upon the existence or extent of any culpability by the authorities in failing to preserve clearly material evidence, a matter not generally susceptible of proof by defendant. See United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). Rather, it is directed at the effect that the loss of the particular item of evidence has on defendant's ability *473 to defend against the criminal charges. Brady v. Maryland, supra. Thus, although it may be questionable terminology to label cases involving negligent loss or destruction of critical evidence as instances of "suppression", the effect of non-availability to the defendant is at least as damaging under these circumstances as it is in cases involving intentional nondisclosure. See Trimble v. State, 75 N.M. 183, 402 P.2d 162 (1965); Comment, Judicial Response to Governmental Loss or Destruction of Evidence, 39 U.Chi.L.Rev. 542 (1972). See also Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).
The destruction of the videotape through official misfeasance has effectively precluded defendant from ever demonstrating whether it supported his version of the altercation. See People v. Holmes, Colo., 553 P.2d 786 (announced August 30, 1976). He was thus denied due process. Trimble v. State, supra. The evidence destroyed was known to be material and critical, and not merely incidental to, the question of defendant's guilt or innocence, and therefore, the duty to preserve the film for its evidentiary value was apparent. See People v. Bynum, supra. See also Fresquez v. People, 178 Colo. 220, 497 P.2d 1246 (1972); State v. Maloney, 105 Ariz. 348, 464 P.2d 793 (1970), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970). The significance of the eradicated evidence in this case reflects disfavorably on the failure to ensure its preservation. See People v. Poole, Colo., 555 P.2d 980 (announced November 1, 1976). This is not a case, therefore, in which inadequate investigation resulted in the careless destruction of evidence not known to be material at the time. See People v. Norwood, supra; State v. Maloney, supra. Nor is this a case where defendant should be penalized for his counsel's procrastination in seeking to view the videotape, since, as is stated in the uncontradicted motion to dismiss, defense counsel was informed that the videotape was being held by the police as evidence damaging to the defense.
Hence, by establishing the existence and negligent destruction of this particular evidentiary item, defendant established a sufficient factual foundation in support of his contention of denial of due process. See People v. Trujillo, 186 Colo. 329, 527 P.2d 52 (1974).
The People contend, however, that this court should affirm defendant's conviction based on testimony regarding the events which took place in the police vehicle. They further argue that since defendant was able to present to the jury his version of both occurrences, he was not prejudiced by the unavailability of the videotape. These assertions are without merit.
We may not affirm defendant's conviction on the speculative premise that the jury may have found him to be guilty based on the events occurring in the police vehicle following his arrest, which was not a subject of videotaping. Only a single count of assault was lodged against defendant, and nowhere in the record can we find that the jury expressly was apprised as to which occurrence was the basis for the criminal charge. Indeed, an instruction submitted to the jury on self defense implied that the altercation at the stationhouse was the event upon which the assault charge was based.
Further, the fact that defendant was able to testify at trial pertaining to his perception of both incidents did not diminish the damage to his defense resulting from his being deprived of the opportunity to substantiate that testimony with the videotape. Trimble v. State, supra; Farrell v. State, 317 So.2d 142 (Fla.App.1975). See also People v. Green, Colo.App., 553 P.2d 839 (announced July 29, 1976).
Finally, the People argue that affirmance is mandated by the decision of our Supreme Court in People v. Hedrick, Colo., 557 P.2d 378 (announced October 25,1976). We disagree.
In People v. Hedrick, the court held that the failure to preserve a breath sample taken from defendant under the implied *474 consent statute for the purposes of later independent testing by the defendant did not deprive the accused of due process. There, the court noted: 1) That the breath sample was subject to objective scientific analysis, the reliability and accuracy of which was uncontested; 2) that there was no showing that the sample was of such a nature that preservation for testing was even possible; and 3) that defendant had no legal or factual basis for believing that the sample would be preserved and retained by the prosecution for later use. These factors are not present here. The videotape was not made the subject of disinterested analysis by any person, it could easily have been preserved for perusal by the exercise of minimal care by the authorities, and defendant was led to believe by the statements of the prosecution that the videotape would be preserved by the People for use against defendant at trial. These factual distinctions alone would warrant analyzing the present case differently from People v. Hedrick.
The materiality of the destroyed videotape cannot be questioned. Had it been preserved, it likely would have conclusively established defendant's innocence or guilt. However, citing as authority People v. Hedrick, the People urge that defendant's inability to demonstrate that the videotape was favorable to the defense thus defeats his claim of denial of due process. They also contend that the testimony of the arresting officers that the film supported their account of the incident, coupled with the proffered testimony of another officer who purportedly viewed the film, was sufficient to establish its inculpatory character. We do not agree.
Where, as here, crucial material evidence is wholly destroyed by the prosecution, and the responsibility for such destruction cannot properly be imputed to the defense, any requirement that defendant somehow demonstrate that the evidence was exculpatory becomes an absurdity, and is not imposed. See People v. Bynum, supra. See Comment, Judicial Response to Governmental Loss or Destruction of Evidence, supra.
Finally, we reject the proposition that testimony of police officers regarding the purported exculpatory character of the videotape overcomes defendant's due process objection. An assertion by the very agency responsible for the negligent or otherwise destruction of evidence regarding its alleged content, especially where the destroyed evidence pertained to an offense allegedly perpetrated against a member of that agency, is insufficient to cure the damage resulting from defendant having been deprived of its use in the preparation of his defense. State v. Lewis, 137 N.J.Super. 167, 348 A.2d 225 (1975). See also People v. Smith, 185 Colo. 369, 524 P.2d 607 (1974). See generally United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974).
Defendant is entitled to dismissal. Other remedies employed in cases involving non-disclosure of evidence which is still in existence, such as the granting of a new trial, are inadequate where, as here, the evidence will never be available for defendant's use in any subsequent proceeding. See Trimble v. State, supra; Comment, Judicial Response to Governmental Loss or Destruction of Evidence, supra.
Therefore, since the destruction and consequent unavailability of the videotape deprived defendant of due process, the trial court erred in refusing to dismiss the charge against him. See People v. Norwood, supra.
Judgment reversed.
RULAND, J., concurs.
COYTE, J., dissents.
COYTE, Judge, dissenting:
I dissent.
The majority opinion is premised upon certain factual assumptions which I regard as erroneous and which are crucial to the *475 determination of this case. By misinterpreting the factual context underlying the issue here, the majority attempts to justify its conclusion that the defendant was denied due process of law. The record does not warrant such a conclusion.
On three separate occasions the trial court heard arguments to dismiss based on the unavailability of the videotape, and in each instance it denied the motion. There was no evidence indicating who destroyed or recycled the film. Rather, the evidence showed merely that the police station has a limited number of rolls of film which were erased and re-used according to the initial date of use. The only inference which can properly be adduced from the record is that the film in question was recycled as part of normal operating procedures.
Other than the unsupported assertion in defendant's motion to dismiss, there is no showing in the record that the tape was being held by the police as evidence. Yet the majority proceeds to describe the case as one involving the "admittedly negligent destruction" of evidence "known to be material and critical." While such characterizations lend credence to the due process theory relied upon, the record is devoid of any basis to support even an inference of negligence.
On the contrary, there is no showing that defendant requested that the tape be produced until he knew it was no longer available. Had he considered the tape material and necessary to his defense, he should have notified the proper authorities that he intended to use the tape immediately upon learning of its existence. See Crim.P. 16(I)(a)(l)(v), C.R.S.1973. As defendant did not move for the production of the tape, he should not now be allowed to take advantage of his own dereliction.
Further, there was no showing that the tape was considered to be material by the People, and the People do not concede the materiality of the videotape. Despite the assertions of the majority concerning the "absurdity" of defendant's burden of proving the exculpatory nature of the videotape, the videotape here was "not shown to be sufficiently material to the defense as to require dismissal of the charges [against the defendant]. . ." People v. Bynum, Colo., 556 P.2d 469, 471 (announced on November 1, 1976). The rule in this state is that the inadvertent loss of evidence by the prosecution, if not deliberate or in bad faith and which does not completely deny defendant a fair trial, does not require the imposition of sanction. People v. Poole, Colo., 555 P.2d 980 (announced on November 1, 1976).
Three police officers testified to the occurrence of certain events connected with the charges against defendant, which testimony resulted in his conviction. This testimony, subjected to extensive cross-examination, is an adequate basis to sustain the conviction.
Police and prosecuting attorneys will now, by virtue of the majority's ruling, be required under threat of dismissal of the prosecution to preserve evidence they do not and possibly cannot know is of potential use by a defendant. As to the extreme remedy of dismissal, our court observed in People v. Norwood, Colo.App., 547 P.2d 273, 279, that:
"DISMISSAL . . . frustrates the public right. It is a drastic remedy to be reserved for severe situations. Unless the circumstances of the unavailability of evidence reach the dimensions of constitutional due process, then trials should proceed in reliance upon that evidence which exists, rather than be barred because some evidence is not available.'"
I would affirm the judgment of conviction.