### No. 79SA220

### The People of the State of Colorado v. Raymond T. Morgan

(606 P.2d 1296)

Decided February 25, 1980.

238

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

O'Connor, Miller, Doores, Bogue & Parish, P.C., Jeffrey A. Bogue, for defendant-appellee.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

This case is here on interlocutory appeal by the district attorney. C.A.R. 4.1. The trial court entered a pre-trial order suppressing all evidence regarding a portion of a human finger on the ground that it had been disposed of by the police department. We affirm the trial court's ruling.

The defendant was charged with first-degree murder. One of the pieces of evidence against him was a fingertip found at the scene of the homicide. Police officers took the severed fingertip to the crime laboratory, where it was photographed. A blood sample was also taken along with a fingerprint, a comparison of which was made with a set of the defendant's fingerprints. This revealed that the fingertip belonged to the defendant. The testimony at the suppression hearing also indicated that the defendant had sought medical attention at a hospital because part of his finger had been severed.

The fingertip was stored in a refrigerator at the crime laboratory. Approximately one month after the last test had been performed, the police department destroyed the fingertip without consulting either the court or counsel for the parties.

The defendant's present counsel took over the case about two months after the fingertip had been destroyed. He subsequently filed motions to dismiss the case or in the alternative to suppress any and all evidence relating to the fingertip. At the hearing on these motions, the defendant

introduced expert testimony that had the fingertip been preserved, the cause of its severance could have been determined to a reasonable medical certainty. This evidence was alleged to be material to his defense because it would tend to corroborate his theory of defense that the fingertip had been severed by an unknown instrument at Cheesman Park on the night of the homicide, and not by a self-inflicted gunshot wound sustained when the defendant shot the victim, which is apparently the prosecution's theory.

Based upon this evidence, the trial court denied the motion to dismiss but granted the defendant's motion to suppress all evidence relating to the fingertip. This ruling is premised mainly upon the following findings: (1) the fingertip and the evidence obtained therefrom were critical to proof of guilt or innocence; (2) the fingertip had been knowingly destroyed but without a malevolent purpose; (3) the fingertip could have been preserved for further testing; and, (4) its destruction barred the defendant from fully presenting his theory of defense.

## I. - Due Process

The three-pronged test to establish a violation of due process when evidence has been lost or destroyed was adopted by this court in *People v. Hedrick,* 192 Colo. 37, 557 P.2d 378 (1976) and modified in *Garcia v. District Court,* 197 Colo. 38, 589 P.2d 924, 929 (1979):
"(1) whether the evidence was suppressed or destroyed by the prosecution; (2) whether the evidence is exculpatory; and (3) whether the evidence is material to the defendant's case."
*Accord People v. Gomez,* 198 Colo. 105, 596 P.2d 1192 (1979).[1] The prosecutor now challenges the applicability of this test to the situation presented by the instant case. We reject this challenge.

### A. - Destruction of the Evidence

The district attorney argues that there should be no suppression of evidence regarding the fingertip unless there was a bad faith destruction of it. There has been no such restriction placed upon the applicability of the test, and we see no reason to adopt one.

The purposes for imposition of sanctions when evidence has been lost or destroyed are two-fold: the defendant must not be so prejudiced by the loss of evidence that the truth-finding process is irreparably harmed, *People v. Roblas,* 193 Colo. 496, 568 P.2d 57 (1977), and the sanctions serve to deter the prosecutor and the police from destroying material evidence. *See generally Stone v. Powell,* 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); *La Fave, Search and Seizure,* §1.1(f). In

---

[1] The term "after a request by the defense for the evidence" was deleted from the first part of the test. This was based upon the fact that there might either be no defendant or no defense counsel at the time the evidence is destroyed. The suppression of evidence is no less a violation of due process under those circumstances.

this case, the trial court found that disposal of the fingertip was the result of gross negligence and misfeasance. We consider imposition of sanctions to deter police from such conduct to be appropriate.

### B. - The Exculpatory Nature of the Evidence

■ The district attorney asserts that the defendant has failed to prove that the evidence which was destroyed would have been exculpatory. When that evidence has been destroyed, it is impossible for the court to determine whether it would have exculpated the defendant. Therefore, it is not necessary that the defendant prove the exculpatory value of the evidence so long as that evidence is not merely incidental to the prosecution's case or the defendant's defense. *Garcia, supra, citing People v. Harmes,* 38 Colo. App. 378, 560 P.2d 470 (1976), and *People v. Bynum,* 192 Colo. 60, 556 P.2d 469 (1976). The defendant, however, must at a minimum establish the reasonable possibility that the evidence could have been of assistance to the defense. *State v. Wright,* 87 Wash.2d 783, 557 P.2d 1 (1976); *People v. Hitch,* 12 Cal.3d 641, 527 P.2d 361, 117 Cal. Rptr. 9 (1974).

■ Here, we will presume that the fingertip evidence was not merely incidental to the prosecutor's case. The district attorney by taking this interlocutory appeal has certified that all evidence relating to the fingertip "is a substantial part of the proof of the charge pending against the defendant." C.A.R. 4.1(a).[2] Given this certification, it is difficult for us to perceive how the manner of severance would not be equally significant. In addition, the defendant has established through his expert witness that, had the fingertip been preserved, the manner of severance could have been determined, and that there was a reasonable possibility that the results could have been of assistance to the defense, either to rebut the prosecutor's apparent theory or corroborate his own theory or defense.

### C. - Materiality

■ The district attorney finally challenges the applicability of the materiality of the evidence which is the third part of the *Hedrick/Garcia* test. It is argued that the evidence must be presumptive of guilt or innocence before a sanction is appropriate. Although both *Hedrick* and *Garcia* dealt with evidence which was presumptive of guilt (breathalyzer tests), we find no reason to so limit the issue of materiality.

---

[2] We are troubled by the district attorney's certification in this case because the record reveals that he argued to the trial court that at least some of the fingertip evidence was not essential to proof of the case:

"What use do I need of that particular evidence regarding the fingertip to show that the defendant pulled the trigger when, according to the preliminary hearing testimony, that three eyewitnesses who saw the defendant raise his hand and saw flashes emanate from his hand and saw another person who was nearby not participating in any way or moving, what — why do I need this fingertip to show that the defendant pulled the trigger when I have evidence like that . . . ."

"Evidence is material to the guilt or innocence of a defendant when it is of probative character on that question. It is probative when to the normal mind it tends to prove or disprove a matter at issue." (Citations omitted). *People v. Nichols,* 27 Ill. App.3d 372, 327 N.E.2d 186, 196 (1975). Since the cause of severance of the fingertip was relevant to the parties' respective theories and the expert's testimony would have been probative of this issue, the destroyed evidence was material.

## II. - *Scope of the Sanction*

Although we have concluded that the defendant's due process rights have been violated, the question remains whether the trial court's order excluding all evidence pertaining to the severed fingertip was proper in light of the evidence presented at the hearing on the motion to suppress. This court has recognized a broad discretion in fashioning a proper remedy for the loss or destruction of evidence. *People v. Poole,* 192 Colo. 56, 555 P.2d 980 (1976). Many remedies short of total suppression can be imposed which will adequately protect the rights of the defendant. *See Judicial Response to Governmental Loss or Destruction of Evidence,* 39 U. Chi. L. Rev. 542 (1972). The responsibility of the trial court is to fashion an appropriate remedy which is no more restrictive than necessary to protect the defendant's right to due process.

The People urge on appeal that the trial court's order suppressing all evidence concerning the lost fingertip was too broad in its scope. Although we are inclined to agree with the appellant's contention based on the record before us, the People have failed to provide us with a sufficient record to permit us to fully review the merits of this claim. The record which was provided to this court reveals that the trial court read the entire transcript of the defendant's preliminary hearing, which by the trial court's ruling was made part of the record. Furthermore, it is obvious from the record before us that the trial court believed that evidence revealed in the transcript was important and necessary in resolving the issue. We also note that the district attorney in arguing before the trial court referred to testimony at the preliminary hearing. *See* footnote 2, *supra*. This transcript was not included in the record certified to this court.

C.A.R. 4.1(d) provides that the record in an interlocutory appeal shall include "the reporter's transcript of all testimony taken at the hearing on said motions . . . ." In addition, C.A.R. 10(b) places the duty on the appellant to provide all relevant evidence in the record to support his contention:

If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.

It is a well-settled principle of appellate practice that this court must presume that the trial court's findings and conclusions are supported

by the evidence where the appellant has failed to provide a complete record on appeal. *E.g., Furer v. Allied Steel Co.*, 174 Colo. 171, 483 P.2d 212 (1971); *White v. Jackson,* 41 Colo. App. 433, 586 P.2d 243 (1978).

The order of the trial court suppressing all evidence relating to the severed fingertip is affirmed.