The PEOPLE of the State of Colorado,
Plaintiff-Appellant,

v.

John Michael SHEPPARD,
Defendant-Appellee.

No. 83SA217.

Supreme Court of Colorado,
En Banc.

June 10, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Stephen Jones, Asst. Atty. Gen., Denver, Shaw, Spangler & Roth, Thomas Kanan, Denver, for plaintiff-appellant.

Michael F. Scott, P.C., Daniel P. Barrera, Denver, for defendant-appellee.

LOHR, Justice.

In an appeal from a judgment of the Jefferson County District Court, the People challenge an order dismissing the charges against the defendant because the prosecution allowed potentially exculpatory evidence to be destroyed. The court held that the defendant would be deprived of due process of law if he were required to defend himself without the benefit of that evidence. We affirm the judgment.

I.

The defendant, John Michael Sheppard, was charged with vehicular homicide [1] following a one-car accident in which the vehicle Sheppard was driving, a 1974 Ford Pinto, veered off the left-hand side of a two-lane road and traveled down an embankment, coming to rest on its top. Jeffrey Gladish, a passenger in Sheppard's car, died during hospitalization for the injuries he received in the crash.[2] An officer of the Colorado State Patrol investigated the accident and, as a matter of routine procedure, had the disabled car towed and stored by an automobile towing service. The officer completed a Colorado State Patrol Arrest/Impound Vehicle Report, which included an order that directed the towing company, Westside Auto Body, to hold the vehicle until it received a written release from the state patrol. The state patrol also took photographs at the scene of the

---

1. Sheppard was charged under section 18–3–106, 8 C.R.S. (1978 & 1984 Supp.). Vehicular homicide is a class 4 felony.

2. The defendant contends that the death of Gladish was caused by improper medical treatment for the injuries sustained in the auto accident. This factual question is not relevant to the issues before us in this appeal.

accident during the initial investigation, but because of a defect in the camera, no pictures could be developed.

The accident occurred on September 6, 1982. Gladish died on the 25th of September, and the vehicular homicide charge was filed against Sheppard on October 15, 1982. Sheppard was arraigned on December 6, at which time the court required that all motions be filed by January 24. On January 20, the defendant, who intended to offer evidence that the accident was caused by a mechanical defect in the car and not by irresponsible driving, filed a motion requesting that his expert be permitted to examine the automobile. The court granted this motion on April 1, 1983. In the meantime, however, on February 11, 1983, without authorization from the state patrol, Westside Auto Body had destroyed the defendant's car by crushing it for scrap metal.

The defendant moved to dismiss the charge on the basis that destruction of the vehicle prevented him from presenting expert testimony that the accident was caused by the defective condition of the automobile and not by the fault of the driver. This, he contended, denied him due process of law. After a hearing, the trial court ruled that destruction of the vehicle violated the defendant's due process rights and, as a remedy, dismissed the vehicular homicide charge. The court also ruled, however, that the district attorney could proceed against the defendant on the charge of driving under the influence of intoxicating liquor.[3] The district attorney then acknowledged that the People could not establish a prima facie case and did not wish to proceed on that charge, and the court dismissed the action.[4]

The district attorney appeals from the judgment of dismissal, contending that the district court erred in concluding that the defendant's due process rights were violated. Furthermore, the district attorney asserts that even if the due process violation ruling was correct, dismissal was an impermissibly severe sanction. We sustain the district court's rulings.

■ It is well established that the suppression by the prosecution of material evidence favorable to a defendant after a request by the defense[5] violates that defendant's right to due process of law. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Accord, e.g., United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972); *People ex rel. Gallagher v. District Court*, 656 P.2d 1287 (Colo.1983); *Garcia v. District Court*, 197 Colo. 38, 589 P.2d 924 (1979); *People v. Hedrick*, 192 Colo. 37, 557 P.2d 378 (1976). This rule applies without regard to whether the prosecution's actions in suppressing the evidence were taken in good faith. *Brady v. Maryland; People ex rel. Gallagher v. District Court; People v. Shaw*, 646 P.2d 375 (Colo.1982); *People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980).

■ In the present case the district attorney concedes that the destroyed vehicle

---

3. § 42-4-1202(1)(a), 17 C.R.S. (1984).

4. Defense counsel took the position that driving under the influence of intoxicating liquor is not a lesser offense included within the charge of vehicular homicide and that a new filing would be necessary to bring such a charge. The district attorney's acknowledgment that the prosecution could not establish a prima facie case of driving under the influence and did not wish to proceed on that charge made it unnecessary for the district court to decide the lesser included offense issue. For the same reason it is unnecessary that this court address that issue.

5. As noted in *People ex rel. Gallagher v. District Court*, 656 P.2d 1287, 1290 n. 7 (1983), "in our later cases, we have not required a request by the defendant as an essential part of a showing of a due process violation, for there may be no defendant or defense counsel at the time evidence is destroyed. *People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980)." The United States Supreme Court has recognized as well that even in absence of a request the prosecution has a duty to disclose constitutionally material exculpatory evidence. *United States v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976). In the present case, however, the defendant filed a motion specifically requesting the inspection of the vehicle.

was evidence that was both material and favorable to the defendant. In order to satisfy the requirement that the evidence was favorable to the defendant—or, as we have sometimes characterized it, that it was exculpatory—a defendant need only show that it was not merely incidental to the prosecution's case or the defendant's defense. To accomplish this, the defendant must establish "the reasonable possibility that the evidence could have been of assistance to the defense." *People ex rel. Gallagher v. District Court*, 656 P.2d at 1291 (1980) (quoting *People v. Morgan*, 199 Colo. 237, 241, 606 P.2d 1296, 1299 (1980)).[6]

The record reflects that the defendant's vehicle was inspected by a Colorado State Patrol officer after the accident and was found to have a number of mechanical defects. The trial court found that the car had been driven more than 100,000 miles, that its brakes were worn down to the rivets, and that one of the tires had only fourteen pounds of pressure. The trial court characterized the car as a "pile of junk" and concluded that the brakes and the tires were defective. The defendant's expert witness, in an affidavit attached to the motion to dismiss, expressed the need to examine the vehicle in order to form an opinion "with certainty" as to whether the accident was "due to human error or due to mechanical defects."[7] It requires no more than a recitation of this evidence to demonstrate that, even if the prosecution's stipulation were not dispositive, the trial court's ruling that the destroyed evidence was both material and favorable to the defendant has ample basis in the record.

The district attorney takes the position, however, that the evidence was not suppressed *by the prosecution* and therefore the third and final essential element of a due process violation is absent. The district attorney asserts that it was a private entity, not the prosecution, that destroyed the evidence and that this unauthorized action cannot be attributed to the state. We conclude that it can.

■ The state must employ regular procedures to preserve evidence that a state agent, in performing his duties, could reasonably foresee might be favorable to the accused. *People ex rel. Gallagher v. District Court*, 656 P.2d at 1291; *People v. Gomez*, 198 Colo. 105, 596 P.2d 1192 (1979); *Garcia v. District Court*, 197 Colo. 38, 589 P.2d 924 (1979); *see People v. Shaw*, 646 P.2d 375 (Colo.1982). When such evidence can be collected and preserved in the performance of routine procedures by state agents, failure to do so is tantamount to suppression of the evidence. *Id.* This is true even though the loss of the evidence is inadvertent and not the result of bad faith. *People v. Sams*, 685 P.2d 157, 162 (Colo. 1984); *People v. Holloway*, 649 P.2d 318 (Colo.1982).

■ Applying these principles to the facts at hand, we conclude that suppression of the evidence is properly attributable to the prosecution. The car was towed at the direction of the state patrolman investigating the scene of the accident, and Westside Auto Body was ordered not to release the car until it received written authorization

---

**6.** We note, however, that in evaluating whether failure of the prosecution to disclose evidence requires reversal of a conviction, the United States Supreme Court has held that evidence is constitutionally material only if, in the context of the entire record, "the omitted evidence creates a reasonable doubt that did not otherwise exist." *United States v. Agurs*, 427 U.S. at 112, 96 S.Ct. at 2401; *see California v. Trombetta*, —— U.S. ——, ——, 104 S.Ct. 2528, 2532, 81 L.Ed.2d 413 (1984). *See also People v. Shaw*, 646 P.2d 375 (Colo.1982).

**7.** The defendant's expert stated in his affidavit that he had examined the accident report, prepared by the investigating officer, and the in-

spection report, prepared by another officer based on his examination of the car one month after the accident. The inspection report summarized the condition of numerous mechanical and other components of the vehicle and reflected that certain photos had been taken during the course of the inspection. The prosecution offered no evidence to refute the conclusion of the defendant's expert that "after a proper evaluation and examination of the vehicle I would be able to express an opinion as to whether or not the vehicle was involved in an accident due to human error or due to mechanical defects" but that without such examination he could not "render an opinion with certainty."

to do so by the state patrol.[8] The trial court concluded that the filing of the motion for inspection on January 20 placed the prosecution on notice that the vehicle was evidence that probably would be used by the defendant, and the prosecution should have ensured that the vehicle was preserved under the state patrol order so that the defendant could examine it. Under these circumstances, we hold that the trial court was correct in ruling that the auto was in the control of the state and that its destruction was tantamount to suppression of the evidence by the prosecution, even in the absence of any suggestion of prosecutorial bad faith.

In support of its position that due process was not violated by destruction of the automobile, the prosecution draws our attention to the recent case of *California v. Trombetta*, —— U.S. ——, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984), in which the United States Supreme Court addressed the requirements for preservation of evidence by the prosecution under the federal constitution.[9] In *Trombetta*, the court held that the due process clause of the Fourteenth Amendment does not require that police officers retain breath samples taken from suspected drunk drivers in order for the results of breath tests to be admissible in criminal prosecutions. In reaching this result, the court noted that the record contained "no allegation of official animus towards [the defendants] or of a conscious

effort to suppress exculpatory evidence." 104 S.Ct. at 2534. It held,

> Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, *see United States v. Agurs*, 427 U.S., at 109–110, 96 S.Ct. at 2400, evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

104 S.Ct. at 2534 (footnote omitted). Because the testing of a breath sample by the defendant would probably simply confirm the results of the state's intoxilyzer test, and because the defendant could have demonstrated any lack of reliability of that test by a number of other means, the court concluded that "the Due Process Clause of the Fourteenth Amendment does not require that law enforcement agencies preserve breath samples in order to introduce breath-analysis tests at trial."[10] 104 S.Ct. at 2535.

We need not decide here whether the *Trombetta* standard of materiality should be adopted by this court in evaluating due process challenges under the Colorado constitution, because we find that even under

---

**8.** The vehicle was impounded pursuant to section 43–5–114, 17 C.R.S. (1973) (currently § 24–33.5–213), which states:

> Any owner, operator, or employee of any garage or service station or any appointed custodian who releases any vehicle impounded or ordered held by an officer of the Colorado state patrol without a release from an officer of the Colorado state patrol or a bona fide court order commits a class 3 misdemeanor and shall be punished as provided in section 18–1–106, C.R.S.

**9.** The prosecution's citation of *Trombetta* in supplementation of its briefs retrenches somewhat on the district attorney's concession of materiality, for it was materiality that was at issue in *Trombetta*.

**10.** The Court in *Trombetta* based its decision on the requirements of the due process clause of the Fourteenth Amendment, but noted that state

courts remain free to establish more stringent safeguards than those imposed by the federal constitution. *California v. Trombetta*, 104 S.Ct. at 2535 n. 12. Prior to *Trombetta*, this court adopted a more stringent requirement with respect to the preservation of breath samples, holding, in *Garcia v. District Court*, 197 Colo. 38, 589 P.2d 924 (1979), that due process of law requires that

> in all cases where a defendant elects to submit to a breath test to determine his blood alcohol level, he must be given a separate sample of his breath at the time of the test or the alcoholic content of his breath in a manner which will permit scientifically reliable independent testing by the defendant, if that test is to be used as evidence.

197 Colo. at 47, 589 P.2d at 930 (citations omitted).

the strict test announced in *Trombetta*, the evidence destroyed in the case before us must be considered material. The evidence at issue here meets both of the *Trombetta* criteria for constitutional materiality. The destruction of the automobile not only left Sheppard without physical evidence of the cause of the accident, but also removed the opportunity for the defense's expert to examine the car and testify as to his opinion on this issue. The exculpatory value of this evidence was clear even before it was destroyed. A preliminary evaluation of Sheppard's car, performed by the state patrol, revealed that the vehicle had over 100,000 miles on it and that the tires and brakes were defective. Sheppard's defense, that the accident was caused by the mechanical condition of the car, would have been supported by this information. Prior to the destruction of the vehicle, while it remained in storage pursuant to state patrol order, the prosecution was put on notice that the defendant sought to have an expert examine it. The record here demonstrates that there was simply no adequate substitute for an independent examination by the defense expert; expert opinions concerning accident causation do not possess the predictability of agreement that can be expected of litmus tests. Under these circumstances, even in the absence of prosecutorial bad faith, we believe that our conclusion that the failure of the prosecution to prevent the destruction of the car constituted a suppression of material evidence by the prosecution in violation of the defendant's due process rights under the United States and Colorado constitutions is fully consistent with *Trombetta*.

## II.

The prosecution's contention that the defendant's delay in requesting an inspection contributed to the constitutional violation is without merit. The timeliness of the defense's request for discovery may be taken into account in determining whether the prosecution has suppressed evidence. *See People ex rel. Gallagher v. District Court*, 656 P.2d 1287, 1292 (Colo. 1983); *People v. Thatcher*, 638 P.2d 760

(Colo.1981). In the present case, however, the trial court found that the defendant's request to examine the automobile was timely. The motion to allow the examination was filed within the time allotted by the court for filing motions before trial. The critical delay in according the defendant the permission to inspect the vehicle occurred between the time of the defendant's motion (January 20) and the time set for the hearing on that motion (April 1), for it was during this time that the vehicle was destroyed. This delay cannot be attributed to the defendant. Moreover, there was no evidence that the defendant knew that the car would be destroyed, and the district court noted that, having received the defendant's motion, the prosecution should have been on notice to protect the car because it could be expected to be an important piece of evidence.

## III.

The final argument raised by the prosecution concerns the district court's dismissal of the charges against the defendant as a sanction for the People's suppression of evidence. The prosecution contends that a practical alternative remedy would have been to exclude from the evidence at trial the testimony of the state patrolman who examined the automobile. This, it is argued, would have allowed the defendant to present his theory of the case, while protecting the truth-seeking process. We believe that this proposed remedy does not adequately protect the defendant's right to a fair trial.

It is well settled that it is the character of the evidence destroyed and not the degree of the prosecution's culpability that determines whether there has been a constitutional violation. *United States v. Agurs*, 427 U.S. 97, 110, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976); *People v. Shaw*, 646 P.2d 375, 381 (Colo.1982); *People v. Harmes*, 38 Colo.App. 378, 560 P.2d 470 (1976). However, the conduct of the prosecution may be taken into account in fashioning a remedy for the governmental

destruction of evidence. *People ex rel. Gallagher v. District Court*, 656 P.2d at 1293; *People v. Shaw*, 646 P.2d at 381 n. 10; *People v. Roblas*, 193 Colo. 496, 568 P.2d 57 (1977); *People v. Poole*, 192 Colo. 56, 555 P.2d 980 (1976); *see People v. Morgan*. The paramount concerns in selecting a remedy are the preservation of the integrity of the truth finding process and the deterrence of destruction of material evidence by the police or prosecutor. *People v. Sams*, 685 P.2d 157 (Colo.1984); *People ex rel. Gallagher v. District Court*, 656 P.2d at 1293. Although a less drastic solution often can be adopted, dismissal of charges is an appropriate sanction when no other remedy would produce a fair result. *People v. Sams*, 685 P.2d at 163, *People v. Holloway*, 649 P.2d 318, 320 (Colo.1982).

■ In the present case, the prosecution correctly asserts that any deterrent effect of a sanction would be minimal because the prosecution acted without bad faith. In *People v. Sams*, 685 P.2d 157 (Colo.1984), we noted,

> While trial courts retain discretion in fashioning an appropriate remedy for an accused prejudiced by governmental loss or destruction of exculpatory and material evidence, the sanction imposed, at least in the absence of egregious governmental misconduct, should be no more restrictive than is necessary to protect the defendant's constitutional rights.

*People v. Sams*, 685 P.2d at 162–63 (Colo. 1984) (citations and footnote omitted). Nevertheless, we conclude that dismissal is appropriate. Here, the evidence destroyed was crucial to Sheppard's defense and cannot adequately be reproduced through any other means. Absence of this evidence would have a severe adverse effect on the integrity of the truth finding process.

Exclusion of the testimony of the officer who examined the car would not be sufficient to repair the damage to Sheppard's defense. If the officer were allowed to testify, it appears likely that he would conclude that the accident resulted from driver conduct, not vehicle malfunction.[11] The defendant might impeach that conclusion by cross-examination to bring out the many mechanical defects discovered by the officer when he inspected the vehicle, but the defendant would still lack the opportunity to obtain his own expert testimony to evaluate the cause of the accident. If, on the other hand, the officer were not permitted to testify, the defendant would have to proceed without cross-examination of the officer and without his own expert. Sheppard's defense would then be limited to his own opinion testimony concerning the defective mechanical condition of the car and how it caused the accident.[12] There would be no other evidence to support the defendant's claim. Therefore, exclusion of the officer's testimony would not be a fair or adequate remedy.

The record establishes that the suggestion that the cause of the accident was mechanical failure was not fanciful. This is not a case where the chances are extremely low that the desired inspection would have yielded exculpatory evidence. Compare this case with *California v. Trombetta*, 104 S.Ct. at 2534. Moreover, by dismissing only the charge of vehicular homicide while permitting the prosecution to proceed on driving under the influence, the district court attempted to fashion an appropriate remedy with the least restrictive impact on the prosecution. The fact that the People decided that they would be unable to prosecute the lesser charge successfully does not render the ultimate dismissal of all charges excessively severe.[13]

---

11. At the hearing on the motion to dismiss, the district attorney asked the officer for his opinion concerning whether the accident was caused by the driver or the vehicle, but the court sustained the defendant's objection to the question because the defendant was not accorded an opportunity to inspect the automobile.

12. Sheppard had owned the vehicle for only about two weeks before the accident and had purchased it for use during the final month of his leave from the armed services.

13. Compare this case with *People v. Roan*, 685 P.2d 1369 (Colo.1984), where we held that the reduction of a vehicular homicide charge to a driving under the influence charge was more

The judgment of the district court is affirmed.

severe than necessary to remedy the due process violation resulting from failure to preserve a blood sample of the victim for testing. The victim was a pedestrian, and the ruling was based in part on the prosecution's willingness to stipulate that the victim's blood alcohol level was .277 and that the jury could be instructed that the. victim was presumed to be intoxicated.