The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Wallace Edward **FORD**, Defendant-Appellant.

No. 85CA0775.

Colorado Court of Appeals, Div. III.

Dec. 4, 1986.

Rehearing Denied Jan. 8, 1987.

Certiorari Denied (Ford) May 11, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Wallace Edward Ford, appeals the judgment of conviction on a jury

verdict finding him guilty of first degree assault and crime of violence. We affirm.

These charges arose from a 1984 incident in which the victim was splashed with an acidic drain cleaner at defendant's apartment. The victim suffered severe injury and disfigurement from the acid burns. Defendant maintained at trial that the incident was accidental.

The sole issue on appeal is the effect of the trial court's inadvertent loss of the plastic bottle that contained the acid. The bottle was received into evidence without objection. After a two-day recess, it was discovered that the bottle was missing. Defendant then moved alternatively for acquittal, for dismissal of the crime of violence count, or for mistrial. The court denied these motions, reasoning that the jury had had an opportunity to see the bottle, that a similar container could be admitted, and that having the original bottle was not crucial to the case.

Defendant argues that the original bottle had a distinctive crease that was physical evidence supporting his theory that the bottle was accidentally slammed against the edge of a sofa, causing its acidic contents to be forcefully expelled. Defendant concludes that this loss of exculpatory evidence violated his due process rights under the Colorado and United States Constitutions, and that the court erred in refusing to dismiss, reduce the charges, or grant a mistrial as he was precluded from adequately demonstrating his theory of the case. We disagree.

■ *People v. Morgan,* 199 Colo. 237, 606 P.2d 1296 (1980) sets forth guidelines for determining whether a defendant's due process rights have been violated when evidence has been lost or destroyed: (1) whether the evidence was lost or destroyed by the prosecution; (2) whether the evidence is exculpatory; and (3) whether the evidence is relevant to defendant's case. Although discussed in the context of evidence lost by the prosecution before admission, these factors are generally applicable here, together with the additional factor of whether it was reasonably possible that the jury, under the circumstances presented,

would have reached a different result had the evidence not been lost. *See People v. Lee,* 38 Cal.App.3d 749, 113 Cal.Rptr. 641 (1974).

■ Further, there is a two-part test for determining a due process violation of the federal constitution under similar circumstances. *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *see also People v. Gann,* 724 P.2d 1318 (Colo.1986). While the first requirement, that the lost evidence possess an apparent exculpatory value, is similar to the test in *People v. Morgan, supra,* federal due process also requires that the lost evidence be of such a nature that a defendant would be unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta, supra; People v. Gann, supra.*

■ In applying these factors here, we are convinced that, while the evidence, in light of defendant's theory, was exculpatory under both constitutional tests, and would have been relevant, the trial court properly exercised its discretion in fashioning a remedy to protect defendant's rights. *See People v. Sheppard,* 701 P.2d 49 (Colo. 1985); *People v. Holloway,* 649 P.2d 318 (Colo.1982).

The bottle was admitted in open court before the jury, a similar, comparable bottle was obtained and admitted, and the jury was instructed that the original had been lost through no fault of the parties. The trial court further instructed the jury that it was stipulated that the original bottle was creased, and submitted defendant's theory of the case instruction. In addition, the testimony of a chemical toxicologist called by defendant corroborated his theory of the case using the substitute bottle. Finally, the lost evidence was cumulative of oral testimony, the stipulation, and the replacement exhibit. *See People v. Lee, supra.*

Therefore, under the circumstances at issue, we are convinced that it was not reasonably possible that the jury could have reached a different verdict had the original bottle been preserved, *see People*

v. *Morgan, supra; People v. Lee, supra;* and that the bottle was not constitutionally material evidence under *California v. Trombetta, supra.* Accordingly, we find no violation of defendant's state or federal due process rights.

Judgment affirmed.

VAN CISE and METZGER, JJ., concur.