---

David L. Wilkinson, State Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., for plaintiff and appellant.

David E. Yocom, Salt Lake Co. Atty., Ernie Jones, Deputy Co. Atty., James N. Bradshaw, Joan C. Watt, Salt Lake Legal Defender Ass'n, Salt Lake City, for defendant and respondent.

Before BENCH, GARFF and JACKSON, JJ.

## OPINION

JACKSON, Judge:

The State appeals dismissal of the charge that Ms. Jiminez, while in custody, assaulted a police officer in violation of Utah Code Ann. § 76–5–102.5 (1978). The issue presented is whether defendant made a sufficient showing that a videotape erased at the jail was material to her guilt or innocence such that she could not receive a fair trial without it. We vacate the dismissal order.

**STATE of Utah, Plaintiff and Appellant,**

v.

**Jessie JIMINEZ, Defendant and Respondent.**

**No. 870399–CA.**

Court of Appeals of Utah.

Sept. 14, 1988.

Rehearing Denied Dec. 7, 1988.

On March 14, 1987, Ms. Jiminez was arrested on a charge of driving under the influence of alcohol and transported by police officers to the Salt Lake County Jail for booking. The State alleged that Ms. Jiminez assaulted an officer during the booking process. Four days later, a separate information was filed against Ms. Jiminez for this assault, stating that the defendant kicked an officer in the stomach. Four witnesses to the alleged assault were listed, including the victim/officer. Following a preliminary hearing, defendant was bound over for trial.

Subsequent to the preliminary hearing and about four months after the alleged assault, defendant filed a discovery motion seeking "any videotapes taken of the alleged [assault] incident." The State responded that, as part of standard jail procedure, the videotape of all bookings, including defendant's, was erased and recycled after seventy-two hours if there was no request to retain it.

Based on the State's response, defendant moved to dismiss the assault charge. She asserted in her supporting memorandum that the assault incident had, in fact, been recorded on videotape at the jail and that the tape was material to her defense. No evidentiary hearing was held. After oral arguments on the motion, the trial court dismissed the charge "for the reason that the State failed to retain any videotape of the incident." There was no finding that the tape had recorded the incident, that the tape was material to the defense, or that due process was denied.

Defendant argued to the trial court that the State had a duty to preserve all material evidence and that destruction of material evidence denied her due process, relying principally upon *People v. Harmes*, 38 Colo.App. 378, 560 P.2d 470 (1976). In *Harmes*, however, the destroyed videotape was *known* to have recorded the alleged assault by defendant. *Id.* 560 P.2d at 472. Thus,

> [t]he evidence destroyed was known to be material and critical, and not merely incidental to, the question of defendant's guilt or innocence, and therefore, the

duty to preserve the film for its evidentiary value was apparent.

*Id.* at 473. Harmes's counsel was informed at the preliminary hearing that the tape would be held by the police as evidence against him. A week before the scheduled trial, however, the police disclosed that the videotape had been inadvertently erased. The Colorado court stated, "This is not a case, therefore, in which inadequate investigation resulted in the careless destruction of evidence *not known* to be material at the time." *Id.* (emphasis added). It was only by showing both the existence and the negligent destruction of the material evidence that Harmes established a sufficient factual foundation to support his claim of due process denial. *Id.*

■ In contrast, the instant case involves the routine erasure of a videotape, not known to contain any evidence, before an information was ever filed on the assault charge. Although defense counsel claimed that the erased videotape contained evidence material to the defense, no evidence was presented that the video equipment was operating in the booking area on the appropriate night and either actually or most likely captured on tape the alleged assault. Defendant thus failed to establish the foundational fact of the existence of evidence.

■ As a general rule, a defendant is denied a constitutionally guaranteed fair trial if, after request, the prosecution suppresses evidence favorable to defendant that is material to guilt or to punishment. *State v. Shaffer*, 725 P.2d 1301, 1304–05 (Utah 1986). *See State v. Stewart*, 544 P.2d 477 (Utah 1975). The Utah Supreme Court has explained that the required materiality is more than evidentiary materiality; the evidence must be material in the constitutional sense. *State v. Nebeker*, 657 P.2d 1359, 1363 (Utah 1983).

> Constitutional materiality requires that there be a showing that the suppressed or destroyed evidence is vital to the issues of whether the defendant is guilty of the charge and whether there is a fundamental unfairness that requires the Court to set aside the defendant's convic-

tion. A corollary of this proposition is, "The mere *possibility* that an item of undisclosed information *might* have helped the defense, or *might* have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense."

*State v. Lovato*, 702 P.2d 101, 106 (Utah 1985) (citation omitted) (quoting *United States v. Agurs*, 427 U.S. 97, 109–10, 96 S.Ct. 2392, 2400, 49 L.Ed.2d 342 (1976) and adding emphasis).

Since Jiminez offered no evidence that a videotape of the alleged assault was made or of what it most likely showed, no one knows whether there was any evidence. Thus, we are left to speculate on whether any "evidence" was destroyed. If evidence was destroyed, its materiality—"evidentiary" or "constitutional"—cannot be determined. All defendant has is a mere possibility that there was something recorded which might have helped her defense.

Because there was no showing that loss of the tape destroyed evidence vital to the issue of defendant's guilt, the trial court erred in dismissing the assault charge. We therefore vacate the order of dismissal and remand the case for further proceedings.

BENCH and GARFF, JJ., concur.