**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

**v.**

**Frederic W. EAGEN, Defendant–Appellee.**

**No. 93CA1884.**

Colorado Court of Appeals, Div. A.

Dec. 29, 1994.

Rehearing Denied Feb. 2, 1995.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

David J. Thomas, Dist. Atty., Miles Madorin, Deputy Dist. Atty., Donna S. Reed, Chief Appellate Deputy Dist. Atty., Golden, for plaintiff-appellant.

Gerash, Robinson & Miranda, P.C., Scott H. Robinson, Denver, for defendant-appellee.

Opinion by Judge PLANK.

The People appeal the trial court's dismissal of two of three criminal charges filed against defendant, Frederic W. Eagen, because the prosecution failed to preserve potentially exculpatory evidence. Defendant had been charged with vehicular homicide, manslaughter, and driving under the influence as a result of a one-car accident in which the passenger was killed. We vacate the judgment of dismissal and remand to the district court for further proceedings.

On July 22, 1992, defendant was driving an automobile owned by his employer, Centennial Motor Company. The vehicle left the road at a curve, rolled over, and ejected the passenger who received fatal injuries. At the scene, a Colorado state trooper discovered that defendant had been drinking alcoholic beverages. Although he was not seriously injured, defendant was taken to the hospital where blood alcohol tests were conducted. At some point, defendant told the state trooper that the deceased suddenly grabbed the steering wheel causing the accident.

Subsequently, the vehicle was impounded at Centennial Auto Recovery which is under the same ownership as Centennial Motor Company. In October 1992, the prosecution released the police hold on the vehicle, which was turned over to Centennial's insurance company. The car was sold and dismantled, effectively eliminating any chance for inspection.

Charges were filed against defendant in December 1992. He filed a motion to dismiss the charges based on destruction of evidence and pre-accusation delay. After a hearing, the trial court, relying upon *People v. Sheppard,* 701 P.2d 49 (Colo.1985), concluded that evidence that could have been exculpatory had been destroyed, thus violating defendant's due process rights. The court dismissed the vehicular homicide and manslaughter charges as a sanction for the violation. Although there is some question as to whether an investigator hired by defendant attempted but was unable to arrange an inspection of the car prior to its release, the court specifically found that the State did not act in bad faith in releasing the vehicle.

## I.

In *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the United States Supreme Court held that a defendant's due process rights are violated when the state suppresses evidence requested by the defendant, if such evidence is material either to guilt or punishment, irrespective of the good or bad faith of the prosecution.

Colorado adopted the *Brady* rule in *People ex rel. Gallagher v. District Court,* 656 P.2d

1287 (Colo.1983). There, our supreme court created a three part-test from the *Brady* rule. In order to demonstrate that their due process rights had been violated, defendants had to show: (1) suppression of evidence by the prosecution after a request by the defense; (2) the evidence's favorable character for the defense; and (3) the materiality of the evidence. Further, to demonstrate the favorable character of the evidence for the defense, the defendant was required to establish "the reasonable possibility that the evidence could have been of assistance to the defense." *Gallagher, supra,* 656 P.2d at 1291. The defendant was not required to prove the exculpatory value of the evidence as long as the evidence was "not merely incidental to the prosecution's case or the [accused's] defense." *Gallagher, supra,* at 1290.

The U.S. Supreme Court revisited the issue in *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). There the California Court of Appeal had concluded that due process demanded that, when evidence is collected by the State, law enforcement agencies must establish and follow strict procedures to preserve the evidence for a defendant's use. The Supreme Court reversed, holding that the state has a constitutional duty to preserve only that evidence that "might be expected to play a *significant role* in the suspect's defense." *California v. Trombetta, supra,* 467 U.S. 479 at 488, 104 S.Ct. 2528 at 2534, 81 L.Ed.2d 413 at 422 (emphasis added). To satisfy this standard, the evidence must: (1) possess an exculpatory value that was apparent before the evidence was destroyed; and (2) be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

In *People v. Sheppard, supra,* decided immediately after *Trombetta,* our supreme court focused on the quality of the evidence destroyed, and not on the degree of prosecutorial impropriety, in determining whether a constitutional violation occurred. The *Sheppard* court continued to follow the "not merely incidental" test of *Gallagher, supra,* in determining whether the evidence was such that its destruction resulted in a violation of the defendant's due process rights. The court declined to apply the *Trombetta* standard because it concluded that the result would be the same under either test.

Two years later, our supreme court expressly adopted the *Trombetta* standard in place of the *Gallagher* "not merely incidental" test because it concluded that the *Trombetta* standard properly focused on the state's knowledge of the usefulness of the evidence to the defendant *prior to* its destruction. *People v. Greathouse,* 742 P.2d 334 (Colo.1987). The holding of *Greathouse* limited the situations in which an accused could successfully demonstrate a due process violation premised on the state's failure to preserve evidence.

Recently, the U.S. Supreme Court addressed the state's duty to preserve evidence when the exculpatory value of the evidence does not satisfy the *Trombetta* standard. *Arizona v. Youngblood,* 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The court characterized evidence of this nature as that which *might* have been "of conceivable evidentiary significance" in a prosecution, and "of which no more can be said than that it *could* have been subjected to tests, the results of which *might* have exonerated the defendant." *Youngblood, supra,* 488 U.S. 51 at 57–58, 109 S.Ct. 333 at 337, 102 L.Ed.2d 281 at 289 (emphasis added). The court concluded that when this is all that can be said about the exculpatory value of the evidence that was destroyed, a defendant may still successfully claim that his due process rights were violated, but only if he can demonstrate that the prosecution acted in bad faith.

Colorado expressly adopted the holding of *Youngblood* in *People v. Wyman,* 788 P.2d 1278 (Colo.1990).

## II.

In the case at bar, the trial court applied *People v. Sheppard* to reach its conclusion that defendant's due process rights were violated. This requires a remand because the *Sheppard* test was clearly rejected in *People v. Greathouse, supra.* There, the court stated that:

The *Trombetta* standard for determining the exculpatory value of evidence provides

a more realistic way to evaluate a due process claim predicated on the state's duty to preserve evidence during the investigatory stage of a case than does the unduly expansive 'not merely incidental' test adopted in our prior cases [such as *People v. Sheppard*].

*People v. Greathouse, supra,* 742 P.2d at 338.

Furthermore, defendant's reliance on *Sheppard* merely because it is a vehicle case is misplaced. The facts of *Sheppard* are markedly different from those at issue here. In *Sheppard,* one of the defenses was that the accident was the result of mechanical failures in the car. In that situation, physical evidence of the car was crucial in that the vehicle had been driven over 100,000 miles, its brakes were worn to the rivets, and one of the tires had only fourteen pounds of pressure. Here, the only defense that the prosecution was aware of lay in the allegation that the deceased had grabbed the steering wheel. There was never any allegation of mechanical difficulties with the car.

We therefore remand this matter to the trial court for factual findings under the standards enunciated below.

The court should first determine whether the exculpatory value of the vehicle here satisfies the *Trombetta* standard. In doing so, the evidence must be evaluated in light of both the state trooper's testimony concerning the exculpatory value of the vehicle, and defendant's claim that the accident was caused by the deceased grabbing the steering wheel. If the exculpatory value of the evidence does not meet this standard, this case falls within the confines of *Youngblood,* and, because the trial court found no bad faith on the part of the state, there would have been no due process violation.

Accordingly, the judgment dismissing the charges is vacated, and the cause is remanded to the trial court for a new determination under the legal standards articulated in this opinion.

STERNBERG, C.J., and ROTHENBERG, J., concur.